IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | No. 08-44 |
| | : | |
| MARK GREEN | : | |

**MEMORANDUM**

**Juan R. Sánchez, J.**                                                                                     **January 12, 2012**

      The Government asks this Court to enter an Order of Forfeiture of a 2005 Mercedes-Benz SL500 Defendant Mark Green purchased on April 25, 2007. The Government argues the evidence presented at trial and State Police Trooper David M. Shearn's testimony at the November 16, 2011, forfeiture hearing are sufficient to establish the requisite nexus between the property and Green's convictions for conspiracy to commit access device fraud under 18 U.S.C § 1029(b)(2) (Count I) and the unauthorized use of an access device (access device fraud) in violation of 18 U.S.C. § 1029(a)(2) (Counts II and III). The convictions were related to Green's use of fraudulent Visa and Discover cards to purchase highly expensive automobiles and to make repairs to the Mercedes-Benz. Green asserts there is no record evidence to support the specific finding he purchased the Mercedes-Benz with the fraudulent Visa or Discover cards or with proceeds either directly or indirectly traceable to his criminal activities as charged in the Indictment. He argues the Government's forfeiture motion should therefore be denied. This Court disagrees. Because the Government met its burden of showing by a preponderance of the evidence Green's 2005 Mercedes-Benz is subject to forfeiture, the Government's request for a Final Order of Forfeiture will be granted.

**Findings of Fact**

1.      On January 24, 2008, a federal grand jury returned an Indictment charging Mark Green with conspiracy to commit access device fraud, in violation of 18 U.S.C. § 1029(b)(2) (Count I); unauthorized use of access devices, in violation of 18 U.S.C. § 1029(a)(2) (Counts II and III); and aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1) (Counts IV and V).

2.      The Notice of Forfeiture in the Indictment stated Green must forfeit the 2005 Mercedes-Benz SL500 as property which had been used to commit or facilitate the commission of the offenses charged in the Indictment and any property that constitutes proceeds obtained directly or indirectly from the commission of the offenses charged.

3.      The jury found Green guilty of Counts I through III and Count V of the Indictment. Green did not challenge forfeiture of the 2005 Mercedes-Benz until the time of his sentencing hearing on September 12, 2011.  This Court scheduled a hearing to consider the Government's request for an Order of Forfeiture.

4.      The forfeiture hearing was held on November 16, 2011.  At the hearing, State Police Trooper David M. Shearn testified—over defense counsel's objection on relevance grounds—in support of the Government's contention the Mercedes-Benz is subject to forfeiture.

5.      Although there is no direct evidence Green actually purchased the 2005 Mercedes-Benz SL500 with the Visa or Discover credit cards which were in Frank Monzo's and Keith Berthrong's names, there is direct evidence he used the credit cards to prepay for repairs to the Mercedes-Benz at the Fort Washington Mercedes-Benz dealership service center.  Furthermore, there is compelling circumstantial evidence he purchased the Mercedes-Benz with proceeds from his fraudulent conduct.

6.	At trial, the Government established Green personally delivered the Mercedes-Benz to the Fort Washington dealership's service department for repairs.  The trial testimony also established Green supplied his associates with fraudulent credit cards in the names of Frank Monzo and Keith Berthrong to use to prepay the service department for the repairs to the Mercedes-Benz.  Green also admitted he had given credit cards to individuals to pay for repairs at the Upper Dublin Mercedes-Benz dealership.  Secret Service Agent Sabrina Cipriano specifically testified Green stated he had given credit cards in the names of Frank Monzo and Keith Berthrong to his associates or friends, Linwood Scott and Josephine Breslin, to pay for the repairs.  In three separate transactions, as charged in the Indictment and proved at trial, Green used these fraudulently obtained credit cards to pay for repairs to the Mercedes-Benz.

7.	Even though Agent Cipriano testified the Mercedes-Benz was not fraudulently purchased, she also testified Green admitted using Monzo's identity to purchase goods, services, and high-priced vehicles other than the Mercedes-Benz at issue in this forfeiture proceeding.  During a November 16, 2007 interview with law enforcement officers, Green admitted he:

> (i) engaged in fraudulent activities as soon as he was released from prison in late 2006;
>
> (ii) began to obtain stolen identification documents in January 2007, and immediately used the stolen identities to buy goods and services;
>
> (iii) purchased a number of highly expensive automobiles between January and August 2007, including a Chevrolet Corvette, a Chevrolet Suburban, and a Land Rover or Range Rover, using Monzo's identity; Green told Agent Cipriano he did not recall whose identity he used to purchase a Lexus, a BMW, a Dodge Charger, an Audi, an Infiniti, and a Cadillac;
>
> (iv) used a stolen notary stamp in the name of "Marilyn Kline" to clear the liens from the

titles on these vehicles; after clearing the titles, Green sold some of the vehicles at auctions, including the Range Rover or Land Rover, which he specifically identified as one of the vehicles sold at auction.

8. At trial, Monzo testified his identity had been used to purchase many of these vehicles, including a Range Rover for approximately $80,000, a Chevrolet Corvette for $50,000, and a Chevrolet Suburban for approximately $40,000, along with other goods and services, with all fraudulent purchases totaling about $400,000.

9. Green's employment history shows no social security earnings between 1998 and 2007. He reported to the United States Probation Officer he had been employed by Bruce's Auto Sales, but such employment and earnings were unverifiable. During the November 16, 2007 interview with law enforcement officers, Green mentioned Bruce's Auto located at 300 West Montgomery Avenue in Philadelphia, however, this statement was not in connection to his employment. Green identified the sales of above-mentioned automobiles at auctions, however, as a source of his income from January to August 2007. The unlawful acquisition of cash advances from the use of Monzo's identity from January to August 2007 allowed Green to purchase expensive vehicles and other goods and services.

10. On April 25, 2007, Green purchased a 2005 Mercedes-Benz SL500, Vehicle Identification Number WDBSK75F85F091160, for $100. In the transaction documents for this purchase submitted to the Commonwealth of Pennsylvania, the seller's signature and printed name are illegible, and the identity of the seller cannot be determined. Also, the name of the notary who verified the sale is identified as "Marilyn Kline," the same name appearing on the notary stamp Green used to lift the liens from the vehicles he purchased with stolen identities, including Monzo's identity. Marilyn

Kline is also the same name appearing on the notary stamp Trooper Shearn recovered during the December 2007 search of Green's apartment.  Trooper Shearn's search also recovered both a fraudulent Macy's Visa card and two fraudulent Pennsylvania driver's licenses in Monzo's name. The Visa credit card was the same card Green's associates used to pay for the repairs to the Mercedes-Benz at the Fort Washington Mercedes-Benz service center. Additionally, when Detective Daniel Wade from the Upper Dublin Police Department seized the Mercedes-Benz from the Fort Washington Mercedes-Benz service center, he found inside the car letters and other documents in Frank Monzo 's name.

11.     The Mercedes-Benz's title indicates the automobile was salvaged and purchased for $100. Green purchased the Mercedes-Benz during the period of January to August 2007, when, by his own admission, he was using stolen identities to purchase goods, services, and expensive high-end automobiles.

**Discussion**

In a forfeiture proceeding, the court must determine whether the Government has established a nexus between the property and the offense of conviction.  Fed. R. Crim. P. 32.2(b)(1)(A).  The issue this Court must decide is whether the property in question was in fact the proceeds of the offense, constituted facilitating property or property that was involved in the offense, or had whatever other relationship to the offense the forfeiture statutes require.  Under 18 U.S.C. §§ 982(a)(2) and 1029(c)(1)(C), property and proceeds directly or indirectly traceable to a violation of § 1029, and personal property used or intended to be used to commit an offense under § 1029, are subject to forfeiture.  The standard of proof is preponderance of the evidence.  *United States v. Leahy*, 438 F.3d 328, 333 (3d Cir. 2006).

The evidence is sufficient to establish Mark Green's 2005 Mercedes-Benz SL500 was purchased with proceeds either directly or indirectly traceable to his criminal activities as charged in the Indictment and proved at trial.  Green was not gainfully employed at the time of the commission of these offenses, and he had no social security earnings between 1998 and 2007.  It is clear, however, he had income from his fraudulent conduct at the time he acquired the Mercedes-Benz, in April 2007.  Green admitted to law enforcement officers he engaged in fraudulent activities as soon as he was release from prison in late 2006, and continued through August 2007.  He specifically admitted using Frank Monzo's identify to buy two Chevrolets and a Land Rover or Range Rover which he sold at auction.  Indeed, Monzo testified that his identity was used to purchase a Range Rover for $80,000, a Chevrolet Corvette for $50,000, and a Chevrolet Suburban for $40,000.  Monzo also testified his identity was used to make approximately $400,000 worth of purchases.  Green's identify theft scheme also involved obtaining cash advances, which he used to purchase goods, services, and expensive high-end automobiles to sell at auction.  Indeed, the only funds available to Green at the time he purchased the Mercedes-Benz appear to be proceeds of his offenses of conviction.

Furthermore, the suspicious nature of the transaction supports a finding the Mercedes-Benz was purchased with proceeds from Green's offenses of conviction.  Both the transaction documents submitted to the Commonwealth of Pennsylvania and the actual purchase are highly dubious.  The identity of the seller cannot be determined from examining the transaction documentation, as the seller's signature and printed name are illegible.  This is not a coincidence when one considers "Marilyn Kline" is the notary who purportedly verified the sale.  Green admitted he used a stolen notary stamp with the name "Marilyn Kline" to clean the titles of other fraudulently purchased

vehicles. Marilyn Kline is the same notary Green used to lift the liens from the vehicles he purchased with Monzo's identity. Trooper Shearn recovered a notary stamp with the name "Marilyn Kline" during the December 2007 search of Green's apartment. Furthermore, the title documents indicate the Mercedes-Benz was purchased for the salvage price of $100. The sale of a two-year-old Mercedes-Benz for a mere $100 is suspicious; its parts alone are worth more than $100. Considering Green's lack of legitimate employment or earnings during the period in which he purchased the Mercedes-Benz, the suspicious nature of the purchase, and the grand extent of his fraudulent scheme, this Court finds the Mercedes-Benz was purchased with proceeds stemming from his offenses of conviction.

The Government also established Green used the Mercedes-Benz to commit or facilitate the commission of the crimes charged in the Indictment. He delivered the Mercedes-Benz to the Fort Washington dealership's service department for repairs. Green supplied his associates with fraudulent credit cards in the names of Frank Monzo and Keith Berthrong so that his associates could prepay for the repairs to the Mercedes-Benz. Furthermore, Green also admitted he gave credit cards to individuals to pay for repairs to the car at the Upper Dublin Mercedes-Benz dealership. Agent Cipriano specifically testified Green stated he had given credit cards in the names of Frank Monzo and Keith Berthrong to his associates or friends, Linwood Scott and Josephine Breslin, to pay for the repairs. In three separate transactions, as charged in the Indictment and proved at trial, Green used these fraudulently obtained credit cards to pay for repairs to the Mercedes-Benz. Additionally, when the Mercedes-Benz was seized, it contained letters and documents in Monzo's name. Accordingly, Green clearly used the car to commit or facilitate the commission of access device fraud and

conspiracy to commit access device fraud. For the foregoing reasons, Green's 2005 Mercedes-Benz SL500 is subject to forfeiture.

**Conclusions of Law**

1.      The Government met its burden of establishing a nexus between Mark Green's offenses of conviction and the property it seeks to forfeit. Specifically, the 2005 Mercedes-Benz SL500 constitutes proceeds of, and was used in the commission of, the offenses of conspiracy to commit access device fraud, access device fraud, and aggravated identity theft as charged in the Indictment.

2.      The evidence conclusively establishes the 2005 Mercedes-Benz SL500 was purchased by Green with proceeds either directly or indirectly connected to the offenses of conspiracy to commit access device fraud, access device fraud, and aggravated identity theft for which the jury found him guilty.

3.      The evidence conclusively establishes the 2005 Mercedes-Benz SL500 was used in carrying out the offenses of conspiracy to commit access device fraud, access device fraud, and aggravated identity theft for which the jury found him guilty.

4.      The Judgement and Commitment Order shall be amended to include forfeiture of the 2005 Mercedes-Benz SL500 Green purchased on April 25, 2007.

A Final Order of Forfeiture follows.

BY THE COURT:

\s\ Juan R. Sánchez<br>Juan R. Sánchez, J.